```
 1  KAREN P. HEWITT
    United States Attorney
 2  PAUL S. COOK
    Assistant U. S. Attorney
 3  California Bar No. 79010
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-5687
    pcook@usdoj.gov
 6
 7  Attorneys for the United States of America
 8
                     UNITED STATES DISTRICT COURT
 9
                    SOUTHERN DISTRICT OF CALIFORNIA
10
    UNITED STATES OF AMERICA,    )   Criminal Case No.  07CR3024-L
11                               )
              Plaintiff,         )   DATE: FEBRUARY 4, 2008
12                               )   TIME: 3:00 p.m.
         v.                      )
13                               )
    SALVADOR SANCHEZ-RODRIGUEZ,  )
14                               )   GOVERNMENT'S RESPONSE AND
                                 )   OPPOSITION TO DEFENDANT'S
15                               )   MOTIONS:
                                 )
16            Defendant.         )   (1)  TO COMPEL DISCOVERY
                                 )   (2)  FOR LEAVE TO FILE FURTHER
17                               )        MOTIONS
                                 )
18                               )   TOGETHER WITH STATEMENT OF FACTS,
                                 )   MEMORANDUM OF POINTS AND
19                               )   AUTHORITIES AND GOVERNMENT'S
                                 )   MOTIONS FOR RECIPROCAL DISCOVERY
20  _____)   AND FINGERPRINT EXEMPLARS
```

21    The United States of America, by its counsel, Karen P. Hewitt,

22 United States Attorney, and Paul S. Cook, Assistant United States

23 Attorney, hereby responds to and opposes Defendants' Motions: To

24 Compel Discovery and For Leave To File Further Motions. This response

25 and opposition is based upon the files and records of the case,

26 together with the attached statement of facts and memorandum of points

27 and authorities. The Government also hereby files its motion for

28 reciprocal discovery and fingerprint exemplars.

**I**

**STATEMENT OF FACTS**

On Sunday, October 14, 2007, at 3:00 p.m., a USBP Agent patrolling the border area, approached a pick-up truck driven by a Phillip Troxtell, which had just stopped at a house on Buckman Springs Road, Campo, California. The Agent observed people trying to conceal themselves in the bed of the truck which was covered by a camper shell. Seven aliens, including the Defendant, were discovered hiding in the pick-up truck. The Agent questioned the Defendant and the other aliens, all of whom admitted to illegally entering the United States from Mexico without valid immigration documents. The Defendant admitted that he was a citizen and national of Mexico. They were all taken into custody, advised in Spanish of their administrative immigration rights per form I-826, and transported to the Tecate, California, Border Patrol Station. At the station Agents discovered that the Defendant had been convicted of a Child Molestation in the Third Degree, in Washington State on September 2, 2003, and had subsequently been ordered deported by an Immigration Judge, and removed from the United States on December 19, 2003 at San Ysidro, California.

At 8:50 p.m., Defendant was advised that his administrative rights were no longer applicable and he was advised of his <u>Miranda</u> rights in Spanish. The Defendant indicated he understood his rights and was willing to speak to the agents without an attorney present. In a video-taped interview, Defendant admitted that he was a citizen and national of Mexico, who had never applied for permission to re-enter the United States after his removal in December 2003. He also

acknowledged that he had illegally crossed the border earlier that morning and was attempting to go to Washington State to work. The Mexican Consulate was contacted and Defendant was allowed to speak to a Consular officer.

## II

### THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

The United States is aware of its discovery obligations, and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure and will continue to comply with all discovery rules. The United States has provided Defendants with 71 pages of discovery including the arrest reports, Defendant's criminal history, relevant immigration documents, and a CD of his confession. Regarding the specific requests made by the Defendant, the United States responds as follows:

1. Rule 404(b) Evidence

The United States will provide Defendant with notice of its intent to present evidence pursuant to Rule 404(b) three weeks before trial or as otherwise ordered by the Court. The Government is unaware of any such evidence at this time.

2. Tangible Objects

The Government will provide copies of or an opportunity to inspect all documents and tangible things material to the defense, intended for use in the Government's case in chief, or seized from Defendant.

3. <u>List and Addresses of Witnesses</u>

The Government has provided Defendant with the investigative reports relating to this crime. These reports include the names of the law enforcement personnel, eye witnesses and other people interviewed as part of the follow-up investigation. The Government will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such list is not required. See <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See <u>United States v. Hicks</u>, 103 F.3d 837, 841 (9th Cir. 1996)("A district court that orders the Government and the defendant to exchange witness lists and summaries of anticipated witness testimony in advance of trial has exceeded its authority under Rule 16 of the Federal Rules of Criminal Procedure and has committed error."); <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir.1977).

Federal Rule of Criminal Procedure 16 does not require the government (or the defense) to disclose the names and addresses of witnesses pretrial. Indeed, the Advisory Committee Notes reflect that the Committee rejected a proposal that would have required the parties to exchange the names and addresses of their witnesses three days before trial:

> The House version of the bill provides that each party, the government and the defendant, may discover the names and addresses of the other party's witnesses 3 days before trial. The Senate version of the bill eliminates these provisions, thereby making the names and addresses of a

> party's witnesses nondiscoverable. The Senate version also makes a conforming change in Rule 16(d)(1). The Conference adopts the Senate version.
>
> <u>A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial.</u> Discouragement of witnesses and improper contact directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

<u>United States v. Napue</u>, 834 F.2d 1311, 1317-19 (7th Cir. 1987) (quoting Rule 16 advisory committee notes) (emphasis added).

The Government will not provide Defendants with names and addresses of witnesses it does not intend to call.

    4.   <u>Statements of Co-conspirators</u>

The Government is unaware of any co-conspirators.

    5.   <u>Expert Witnesses</u>

The Government will notify Defendant of its expert witnesses, such as an immigration proceedings expert and a fingerprint expert, and will comply with Fed. R. Crim. P. 16(a)(1)(G).

    6.   <u>Brady Material</u>

The United States is aware of its continuing obligations under <u>Brady</u> and its progeny. To the extent that any evidence favorable to the Defendant exists, it has been provided to the Defendant.

    7.   <u>Giglio Information</u>

The Government will comply with its obligations to disclose impeachment evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972). The Government is unaware of any such material at this time.

    8.   <u>Jencks Act Material</u>

Virtually all such material has been provided to the Defendants. To the extent that other material which qualifies as a statement of

the witness under the Jencks Act becomes available, it will be provided to the Defendant in advance of trial.

### III

### LEAVE TO FILE FURTHER MOTIONS

The Government has no objection to this motion.

### IV

### THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

The discovery provided to Defendants, at their request, includes documents and objects which are discoverable under Rule 16(a)(1)(E). Consequently, the Government is entitled to discover from the defendant any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in Defendant's possession, custody or control and which Defendant intends to use in the Defendant's case-in-chief. See Rule 16(b)(1)(A), Fed. R. Crim. P..

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except Defendants'. The new rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes or reports.

**V**

**MOTION FOR FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See <u>United States v. Ortiz-Hernandez</u>, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Defendant's fingerprints are not testimonial evidence. <u>See</u> <u>Schmerber v. California</u>, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. <u>United States v. DePalma</u>, 414 F.2d 394, 397 (9th Cir. 1969); <u>see also</u> <u>United States v. St. Onge</u>, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

**VI**

**CONCLUSION**

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery and fingerprint exemplars be granted.

Date: January 28, 2008

                              Respectfully submitted,

                              KAREN P. HEWITT
                              United States Attorney

                              <u>s/Paul S. Cook</u>
                              PAUL S. COOK
                              Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07cr3024-L |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| SALVADOR SANCHEZ-RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Paul S. Cook, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.   Christian De Olivas

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 28, 2008.

s/Paul S. Cook
PAUL S. COOK